557 P.2d 200

Roberta Jean JENSEN, Plaintiff-Respondent,

v.

Craig Verner JENSEN, Defendant-Appellant.

No. 11782.

Supreme Court of Idaho.

Dec. 13, 1976.

Clarence H. Higer, Higer & McClendon, Emmett, for defendant-appellant.

Calvin G. Dworshak, Boise, for plaintiff-respondent.

PER CURIAM.

On April 18, 1972, the parties entered into a contract on contemplation of divorce, purporting to settle all aspects of property division, alimony and child support. The contract was drafted by respondent's then attorney and executed by the appellant without independent legal advice. Therein appellant agreed: to pay all col-

lege expenses of the parties then 19-year-old son; to pay respondent 37.4% of his gross income but in no event less than $350.00 per month; to maintain life and medical insurance for the benefit of respondent and their son. It was recited therein that in the event of a divorce "the parties shall be bound by all terms of this agreement" and the agreement should not be merged into the divorce decree. The agreement further purported to recite all the community property acquired by the parties during their marriage and to divide the same.

Thereafter respondent-wife instituted an action seeking a divorce. Her complaint sought only a divorce and attorney's fees, but incorporated as a part of her complaint the above-mentioned contract of the parties. On March 8, 1973, following default by appellant-husband, a decree of divorce was entered. The appellant performed according to the terms of the agreement until June 1973. Respondent thereafter brought the instant suit to enforce the contract and appellant counterclaimed seeking either nullification of the agreement or modification of the divorce decree.

Following hearing, the district court made findings, conclusions and entered judgment purporting to modify the contract of the parties and enforce the same as modified. The court found that the appellant had no knowledge of the technicalities of separation agreements nor any limitations on modifications thereof and that while appellant thought the attorney was working to protect both parties' interests, in fact the attorney worked only for respondent. Appellant was not advised to obtain independent legal counsel before the agreement was executed. The district court found that the support provisions were unconscionable, oppressive and unfair. The court therefore modified the contract of the parties in the following particulars and required appellant to conform thereto: appellant was required to pay the college expenses for the son of the parties, but only to the extent the son could not pro-

vide by his own efforts and in no event more than $1,000 per academic year; what was held to be past due spousal support was reduced from $350.00 to $200.00 per month; future spousal support was reduced to 15% of appellant's earnings. Also and inexplicably the trial court awarded respondent 20% of appellant's monthly federal retirement benefits to take effect at such time as appellant might retire. The original contract did not set forth any retirement benefits as community property nor had appellant agreed to pay respondent any portion of said retirement benefits.

This appeal resulted and appellant assigns as error each of the court's modifications of the contract. Although the above facts are simply stated and are not in any substantial dispute, their treatment and resolution by the trial court presents convoluted legal problems which are almost impossible of disentanglement.

█ We begin our analysis with the clear rule of law that in a default proceeding no relief may be granted in excess of that prayed for in the complaint. I.R.C.P. 54(c). We deem the rationale for such rule to be so clear as to need no discussion. The original complaint of plaintiff-respondent herein seeking divorce simply recites the marriage of the parties, alleges one child was born of the marriage but he was then past the age of majority, alleges that the property and debts of the parties had been equitably divided between them and alleges payment of attorney's fees. The only judgment sought in the prayer of the complaint is by way of dissolution of the marriage and for attorney's fees.

As is usual, the default hearing held upon the plaintiff's complaint was brief. The only testimony aside from that bearing on the residence, related to the division of real property, the fact that the parties had been separated and that there were irreconcilable differences between them which made it impossible for the marriage to continue. Following that default hearing a

judgment and decree was entered reciting that the above allegations had been proven and that the property and debts of the parties had been equitably divided. Plaintiff was granted a divorce and awarded attorney's fees. No appeal was taken from that judgment.

■ It is important at this juncture to point out that the complaint did not pray for nor did the decree require the payment of alimony or child support. Hence, we conclude and hold that this action insofar as it relates to alimony and/or child support cannot be viewed in the context of an appeal from or an attempt to modify a judgment and decree of divorce.

We turn then to the agreement between the parties upon which respondent's action is based. Following trial, the court found in effect that the agreement was executed as a result of overreaching and further found that it was "oppressive and unfair sufficiently to be void unless modified by the court. * * * Thus without any reason the husband would be in permanent bondage to the wife in a totally unreal and unjust situation." No appeal therefrom was taken by the respondent and a review of the agreement itself and the evidence submitted indicates adequate support for such finding by the trial court.

The agreement contained no mention of any community property interest in the defendant's retirement program and hence, no provision for distribution of that asset to the wife was contained therein. Nevertheless, the trial court in its reformation attempt decreed plaintiff-respondent certain rights in defendant-appellant's retirement program benefits and further ordered that those rights should survive the defendant-appellant and be binding on his heirs.

■ The trial court made findings obviously based on doctrines applicable to the modification of alimony provisions in divorce decrees. Those findings related to the ability of defendant-appellant to support not only his new family but his former wife and the curtailed ability of the former wife to obtain employment. Rather obviously, those doctrines and those theories are inapplicable here in the context of a suit for enforcement of a contract. The attempt to amalgamate doctrines and theories relating to the modification or reformation of contracts with doctrines and theories relating to modification of decrees of divorce was error.

■ The findings of the trial court that the contract entered into by the parties hereto and sought to be enforced herein was oppressive, inequitable and unjust are supported by the evidence. Hence, those portions of the lower court decree purporting to require defendant-appellant to maintain life and health insurance, to provide college education for the child of the parties and to require the payment of alimony both before and after the retirement of the defendant-appellant are reversed.

As indicated herein, no appeal was taken from the original decree of divorce. Nevertheless, that decree as it purports to affirm the already divided community property of the parties was based upon an agreement which has been here held to be void and unenforceable. The decision of the lower court indicates that the family home has been sold and the proceeds thereto deposited with the court. We are informed in argument that the proceeds of that sale have been distributed to the parties. No assignment of error touches that division of that community asset and it is not argued that such was error. Hence, that division of that community property asset will not be disturbed.

The judgment is reversed. No costs allowed.

BAKES, Justice (concurring specially):

The Court has reversed the judgment of the trial court which modified the contract and has affirmed the trial court's finding that the contract between the parties is void and unenforceable because of the

wife's overreaching. This appears to be a reasonable amalgamation of this Court's prior decisions in *Sande v. Sande,* 83 Idaho 233, 360 P.2d 998 (1961), which permitted a wife to void a marital contract for over-reaching where there was no fraud, and *Suter v. Suter,* 97 Idaho 461, 546 P.2d 1169 (1976), which demands that spouses be treated equally. The effect of such a judgment, it seems to me, will leave these divorced parties in *status quo ante;* their property and support rights and obligations are not settled, either by valid contract or by court decree. If the parties are unable to renegotiate a settlement contract regarding those aspects of property and support rights voided by our decision today, further proceedings will be necessary in order to make an equitable distribution of their property and a determination of any support rights and obligations authorized by I.C. §§ 32–706, –712, and the prior decisions of this Court.